**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALI BIRJANDI,

*Petitioner*,

v. No. 1:26-cv-02189-SMD-DLM

WARDEN OF THE TORRANCE
COUNTY DETENTION CENTER, *et al*.,

*Respondents*.

**ORDER**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is GRANTED.

**BACKGROUND**

Petitioner, a citizen of Iran, entered the United States on January 16 or January 18, 2025, and was encountered by Border Patrol. He was found to have a credible fear of return to Iran and was placed in removal proceedings. On June 4, 2025, an immigration judge ordered removal, denied Petitioner's application for asylum, and granted withholding of removal. Petitioner waived appeal of the order. The record shows Petitioner has been continuously detained since entering the United States. *See* Docs. 2, 8.

Respondents attached to their Response a declaration from a deportation officer setting forth the Government's attempts to remove Petitioner to third countries, including Costa Rica, Canada, Argentina, and Uzbekistan; the deportation officer states that the "anticipated timeline to remove Petitioner is currently unknown." Doc. 8 at 14-16. Respondents provide that they have

been "unable to find a [country] that will accept Petitioner and there is no timeline to remove Petitioner"; they provide no argument in opposition. *Id.* at 2, 4.

On October 23, 2026, Respondents filed a Motion to Lift the Order Enjoining Transfer (the "Motion to Lift"). *See* Doc. 11. They assert that Petitioner was approved for third-country removal to the Central African Republic. *Id.* at 2. They attach the declaration of Ruben Levya, Unit Chief of the Removal Management Division of U.S. Immigration and Customs Enforcement ("ICE"). Mr. Levya states that the government of the Central African Republic has accepted Petitioner, his placement on a manifest for a charter serves as the travel document, and ICE will "follow the March [30], 2025 memorandum of former DHS Secretary Kristi Noem, *Guidance Regarding Third Country Removals*, to effectuate Petitioner's removal." *Id.* at 12.

Petitioner opposes the Motion to Lift. *See* Doc. 13. Petitioner states, among other things, that he has not had a meaningful opportunity to assert a fear-based claim regarding removal to the Central African Republic. *Id.* at 3. Petitioner challenges his removal as not significantly likely in the foreseeable future and his detention as prolonged. Doc. 2 at 9-11.

**LEGAL STANDARD**

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

## DISCUSSION

I. <u>Statutory Framework: 8 U.S.C. § 1231</u>

Because it is undisputed that Petitioner has a final order of removal, his detention is governed by 8 U.S.C. § 1231. *See* Docs. 2, 8.

Under § 1231(a)(1), the government has a 90-day period in which to remove a noncitizen after a removal order becomes final. If the government is unable to effect removal within that 90-day period, continued detention becomes discretionary. *See* 8 U.S.C. § 1231(a)(6). Indefinite detention, however, is not permitted. *Zadvydas*, 533 U.S. at 689 ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.").

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court established a "presumptively reasonable period of detention" of six months "for the sake of uniform administration in the federal courts." *Id.* at 701. After this six-month period, if the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut the showing. *Id.*

Courts typically consider the cumulative time spent in detention when evaluating a habeas claim challenging detention as unreasonable per *Zadvydas*. *Vo v. Bondi*, No. 2:25-cv-02244, 2025 WL 3653722, at *3 (W.D. Wash. Dec. 17, 2025) ("The presumptively reasonable period of

detention does not reset each time a noncitizen is detained; rather, the aggregate time in detention post removal order is considered."); *see, e.g.*, *Giorges v. Kaiser*, No. 25-cv-07683, 2025 WL 2898967, at *8 n.5 (N.D. Cal Oct. 10, 2025); *Bulle v. Wesling*, No. 26-cv-00019, 2026 WL 183840, at *4 (D.R.I. Jan. 23, 2026).

II. <u>Respondents Failed to Comply with Due Process Regarding Third Country Removal</u>

Petitioner challenges Respondents' attempts to remove him to a third country without the opportunity to raise a fear-based claim. Doc. 13 at 3. In their briefing, Respondents do not set forth that Petitioner was provided any such opportunity, nor that he was notified in writing in a language he can understand regarding removal to the Central African Republic. *See* Doc. 11.

Numerous courts across the country have found unlawful ICE's recent third country removal policy of deporting individuals without providing any opportunity to be heard and to present a fear-based claim. *See M.A. v. Baltazar*, No. 26-cv-00755-NYW, 2026 WL 809842, at *4 (D. Colo. Mar. 24, 2026) (collecting cases); *Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *6 (E.D. Cal. Dec. 4, 2025) (collecting cases and finding ICE's third country removal policy contrary to Ninth Circuit precedent); *Pacheco v. Baltazar*, No. 26-cv-01176-PAB, 2026 WL 1223414, at *4 (D. Colo. May 5, 2026).

In *Pacheco*, the court explained as follows:

> Providing petitioner with notice and an opportunity to challenge removal to a third country could prevent him being removed to a third country where he might also face a credible risk of torture. The July 9, 2025 [ICE] memorandum, however, provides for the possibility that petitioner will be removed without notice. Even if ICE must receive "credible assurances" that petitioner will not be tortured, this deprives petitioner of the opportunity to argue that such assurances are, in fact, not credible. Furthermore, it is contrary to the mandate that noncitizens are entitled to notice and an opportunity to challenge their removal. Thus, many courts have found that ICE's third-country removal policies violate the constitutional right to due process.

*Pacheco*, 2026 WL 1223414, at *4 (first citing *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025); and then citing *Esmaeili v. Noem*, No. 26-cv-0203-GPC-JLB, 2026 WL 240661, at *6 (S.D. Cal. Jan. 29, 2026)).

In its order, the *Pacheco* court also cited to *D.V.D. v. U.S. Dep't of Homeland Sec.*, where the court provided as follows:

> All removals to third countries, *i.e.*, removal to a country other than the country or countries designated during immigration proceedings as the country of removal on the non-citizen's order of removal, *see* 8 U.S.C. § 1231(b)(1)(C), must be preceded by written notice to both the non-citizen and the non-citizen's counsel in a language the non-citizen can understand. Following notice, the individual must be given a meaningful opportunity, **and a minimum of ten days**, to raise a fear-based claim for CAT protection prior to removal. If the non-citizen demonstrates "reasonable fear" of removal to the third country, Defendants must move to reopen the non-citizen's immigration proceedings. If the non-citizen is not found to have demonstrated a "reasonable fear" of removal to the third country, Defendants must provide a meaningful opportunity, and a minimum of fifteen days, for the non-citizen to seek reopening of their immigration proceedings.

No. CV 25-10676-BEM, 2025 WL 1453640, at *1 (D. Mass. May 21, 2025), *reconsideration denied sub nom. D.V.D v. U.S. Dep't of Homeland Sec.*, 786 F. Supp. 3d 223 (D. Mass. 2025) (emphasis in original).

Here, Petitioner is a citizen of Iran. He was granted withholding of removal to Iran by an immigration judge. Respondents now seek to remove Petitioner to the Central African Republic, a third country. The record reflects that Petitioner was not afforded an opportunity to challenge his removal and present a fear-based claim. The record also does not reflect that Petitioner was provided written notice of removal to the Central African Republic in a language he can understand. *See Sanchez Servellon v. Baltazar*, No. 26-cv-2908-RMR, 2026 WL 2797061, at *1 (D. Colo. Sept. 18, 2026) ("This Court and many other courts across the country 'have found that ICE's third-country removal policies violate the constitutional right to due process' when

petitioners are not provided 'with notice and an opportunity to challenge his removal before removing him to a third country.'") (citing *Pacheco*, 2026 WL 1453640, at *4).

Additionally, Respondents state that ICE will "follow the March [30], 2025 memorandum of former DHS Secretary Kristi Noem, *Guidance Regarding Third Country Removals*, to effectuate Petitioner's removal." Doc. 11 at 12. This is precisely the guidance found unlawful by numerous courts. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 26-1212, 2026 WL 2797801, at *17 (1st Cir. Sept. 18, 2026) (affirming the district court's finding regarding unlawfulness of the March 2025 and July 2025 DHS guidance regarding third country removals); *Escobar v. Chestnut*, No. 1:25-cv-01801-DJC-EFB, 2025 WL 3687639, at *4 (E.D. Cal. Dec. 19, 2025) ("Courts across this circuit have found that ICE's policy, as described in the March and July Memoranda, is likely unconstitutional and contrary to Ninth Circuit precedent."); *Aboretugn v. Cole*, No. 5:26-cv-00153, __ F. Supp. 3d __, 2026 WL 1999299, at *10 (S.D. Tex. June 17, 2026) ("The Court also rejects Respondents' argument that diplomatic assurances under the March Guidance satisfy Section 1231(b) and constitutional due process. As discussed above, Section 1231(b) expressly contemplates fact-finding by a 'trier of fact' which includes credibility determinations and meeting a burden of proof. The March Guidance provides neither.") (citation omitted).

III. <u>Petitioner's Continued Detention Violates 8 U.S.C. § 1231 Because His Removal Is Not Reasonably Foreseeable</u>

Respondents note that once the presumptively constitutional six-month period under *Zadvydas* elapses, Petitioner bears the burden to show his detention has become prolonged and potentially unlawful because there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government must respond with evidence sufficient to rebut such a showing. *See* Doc. 8 at 4. Respondents acknowledge that "Petitioner is

manifestly beyond the six-month point." *Id.* The Court finds that Petitioner has met his initial burden of proof and Respondents have failed to rebut this showing.

Petitioner's detention period significantly exceeds the presumptively constitutional six-month limit. Petitioner was ordered removed in June 2025 has been continuously detained since January 2025. Thus, as of the present date, he has been detained for approximately 22 months in total, and for approximately 17 months following entry of the final order of removal. *See* Docs. 2, 8.

In addition, Petitioner has been granted withholding of removal to Iran. Respondents now seek to remove Petitioner to the Central African Republic, a third country. Respondents do not set forth they complied with applicable due process, first, in providing Petitioner written notice of removal to a third country in a language he could understand and, second, in providing Petitioner the reasonable opportunity to present any fear-based claim and be heard regarding a challenge to removal to the Central African Republic. *See* Docs. 8, 11.

Petitioner sets forth that Respondents have detained him for 17 months and failed to effectuate any lawful order of removal, and has therefore shown there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Respondents do not indicate that they will comply with applicable due process and lawfully effectuate third country removal in a reasonably foreseeable timeframe, and therefore fail to rebut Petitioner's showing.

In *Salazar-Martinez v. Lyons*, another judge of this court granted the petition and ordered release, finding a violation of the Fifth Amendment due to prolonged detention and noting that "[a]llowing the Government to exhaust all potential countries would effectively result in

unconstitutional indefinite detention." No. 2:25-cv-00961-KG-KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025).

The record reflects that Petitioner has been detained for approximately 17 months following entry of the final order of removal. Respondents have failed to rebut Petitioner's showing with any indication that it is significantly likely they will be able to lawfully effectuate Petitioner's removal in the reasonably foreseeable future. *See Sanchez Servellon*, 2026 WL 2797061, at *1-2 (granting petition and ordering return of petitioner where he was not afforded notice or the opportunity to challenge removal to the Central African Republic and was removed); *Khadka v. Mullin*, No. 1:26-cv-05225-JLT-CDB, 2026 WL 2546631, at *1 (E.D. Cal. Aug. 28, 2026) (ordering immediate release under *Zadvydas* after respondents failed to comply with applicable procedures for third country removal to the Central African Republic and thereafter indicated that, instead of providing such procedures, they would not continue with third country removal).

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 2) is **GRANTED**;
2) Respondents **SHALL** release Petitioner within 48 hours of this Order being entered, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
3) Respondents **SHALL** provide Petitioner with all his personal belongings and facilitate Petitioner's transportation from the detention facility;
4) Respondents **SHALL NOT** re-detain Petitioner without (1) evidence that Petitioner has committed a crime or absconded in regard to administrative immigration

proceedings, or (2) a valid final order of removal and concrete travel plans to lawfully remove Petitioner from the United States;

5) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;

6) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

7) Respondents' Motion to Lift (Doc. 11) and Petitioner's Motion to Expedite (Doc. 10) are **DENIED** as moot;

8) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**